R. Scott Taylor, OSB No. 74324
Clinton L. Tapper, OSB 084883
Taylor & Tapper
400 E 2nd, Suite 103
Eugene, OR 97401
Ph: 541-485-1511 / fax: 541-246-2424
Scott@taylortapper.com
Clinton@taylortapper.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STEVEN N. LIND,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　Defendant. | CASE NO.: 6:16-cv-2297<br><br>COMPLAINT<br>Breach of Contract<br>Breach of the Duty of Good Faith and Fair Dealing<br><br>JURY TRIAL REQUESTED |

VENUE AND JURISDICTION

1. At all times material to this Complaint, STEVEN N. LIND (Plaintiff) was domiciled in Marion, County.

2. At all times Material to this Complaint, UNUM LIFE INSURANCE COMPANY OF AMERICA (Defendant) was an insurance corporation authorized to issue and conduct business in the State of Oregon with its principal place of business in Tennessee.

3. The Claim at issue in this case is over the amount of $75,000.

COMPLAINT

4. Venue and Jurisdiction are proper in the United States District Court, District of Oregon, Eugene Division.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

5. Plaintiff herein re-alleges and reincorporates all above allegations.

6. Plaintiff purchased three individual disability policies from Defendant

7. Plaintiff purchased an individual disability policy, which Defendant assigned as policy number LAD003859 (hereafter "Policy #1").

8. Plaintiff purchased an individual disability policy, which Defendant assigned as policy number LAN523658 (hereafter "Policy #2").

9. Plaintiff purchased an individual disability policy, which Defendant assigned as policy number LAN536856 (hereafter "Policy #3).

10. At all times material, premiums on all policies were paid, and the policies were in full force and effect.

11. Policy #1 provided coverage for disability benefits per the terms of the Policy #1, which included Total Disability or Residual Disability with a maximum monthly benefit of $8,256.00.

12. Policy #2 provided coverage for disability benefits per the terms of the Policy #2, which included Total Disability with a fixed monthly benefit of $500.00.

13. Policy #3 provided coverage for disability benefits per the terms of the Policy #3, which included Total Disability with a fixed monthly benefit of $1,500.00.

14. Policy #1, Policy #2, and Policy #3 each include a 180-day elimination period.

15. Plaintiff satisfied the elimination period of 180 days.

COMPLAINT

16. The elimination period for each of the policies ended on January 23, 2015.

17. The first day disability benefits were payable under the policies was January 24, 2015.

18. Policy #1, Policy #2, and Policy #3 provides that disabilities due to Sickness are subject to a 24-month maximum benefit limitation.

19. Policy #1, Policy #2, and Policy #3 provide Plaintiff disability benefits, per the terms of Policy #2 and Policy #3, for total disability as the result of injury for Plaintiff's lifetime.

20. Plaintiff operated his own dentistry practice prior to his disability.

21. Plaintiff's suffered an acute injury, occurring in approximately November of 2013 while Plaintiff was installing a fence around a portion of his property.

22. Around approximately November of 2013, Plaintiff began experiencing symptoms of lack of flexibility and pain, numbness and weakness in his right hand and forearm.

23. By April of 2014, Plaintiff's symptoms progressed further into numbness in his left hand and atrophy of the muscle in his right hand.

24. These symptoms prevented and continue to prevent Plaintiff's performance of typically normal procedures in dentistry.

25. Plaintiff's injury prevented Plaintiff, and continues to prevent Plaintiff, from performing the duties of his regular job as a dentist.

26. Plaintiff's injury prevented Plaintiff, and continues to prevent Plaintiff, from engaging in any gainful occupation for which he is reasonably fitted in consideration of his training, education, experience, and/or prior earnings.

27. On in or about 2014, Plaintiff submitted disability claims to Defendant under each of his insurance policies.

COMPLAINT

28. Defendant accepted the claims and assigned the following claim numbers to each of the respective policies:

    a. Policy #1 – Claim Number CLA140779

    b. Policy #2 – Claim Number CLA140780

    c. Policy #3 – Claim Number CLA140781

29. Defendant has accepted that Plaintiff is totally disabled under the terms of the policies and unable to perform the regular duties of his occupation as a dentist.

30. Defendant claims Plaintiff's disabling condition is the result of a chronic degenerative cervical condition and therefore a sickness subject to the policies' 24 month benefit limitation.

31. Plaintiff's disability was not caused by a chronic degenerative cervical condition or a sickness.

32. Plaintiff's disability was caused by an acute injury, occurring in approximately November of 2013 while Plaintiff was installing a fence around a portion of his property.

33. Defendant has failed and refused to accept and pay Plaintiff's disability claims beyond 24 months.

34. Plaintiff has complied with all conditions precedent to coverage.

35. Plaintiff has performed all conditions required under the policy(s).

36. Defendant's failure and refusal to pay benefits beyond 24 months is a breach of Policy #1, Policy #2, and Policy #3.

37. As a result of the breach of the Policy #1, Policy #2, and Policy #3 by Defendant, Plaintiff has suffered damages in the following amounts not to exceed:

COMPLAINT

a. $1,904,163.84 or $8,256 in monthly benefits assuming 19.22 years remaining life starting in January of 2017 using 2013 Actuarial Data from the U.S. Social Security Administration. Does not include annual COLA adjustments, in disability benefits under Policy #1;

b. $115,320 or $500 in monthly benefits assuming 19.22 years remaining life starting in January of 2017 using 2013 Actuarial Data from the U.S. Social Security Administration. in disability benefits under Policy #2; and

c. $345,960 or $1,500 in monthly benefits assuming 19.22 years remaining life starting in January of 2017 using 2013 Actuarial Data from the U.S. Social Security Administration in disability benefits under Policy #3;

38. Plaintiff is entitled to recover prejudgment interest at the legal rate of 9% per annum that has accrued on each past due benefit under the policy from January 23, 2017 until paid.

39. Plaintiff has been required to retain the services of an attorney in this matter and should be awarded his reasonable attorney fees incurred herein pursuant to ORS 742.061.

SECOND CAUSE OF ACTION: BREACH OF THE DUTY OF GOOD FAITH AND FAIR-DEALING

40. Plaintiff hereby realigns and reasserts all above paragraphs herein by this reference.

41. Defendant's actions in making a claim determination, including but not limited too; misrepresenting doctors statements, failing to conduct reasonable investigations, forcing plaintiff to litigation to recover amounts owed under the policy, and failure and refusal to accept and issue payment of Plaintiff's claims beyond 24 months constitutes a breach of the duty of good faith and fair dealing owed under the contract

COMPLAINT

Page 5 of 6
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

WHEREFORE, Plaintiff prays that he recover as alleged above, specifically identified as:

a. $2,365,443.84 in economic damages;

b. Attorneys fees pursuant to ORS 742.061;

c. Reinstatement of Plaintiff's disability benefits under Policy #1, Policy #2, and Policy #3;

d. Pre and post judgment interest to be determined by the Court;

e. Plaintiff's costs and disbursements incurred herein; and

f. Any other relief the Court deems just and proper.

DATED: 12/9/2016

**TAYLOR & TAPPER**

By: s/ Clinton Tapper

Clinton Tapper Attorney at Law
541.485.1511
clinton@taylortapper.com
OSB 084883EIN 45-4646442
Taylor & Tapper, Attorneys
400 E 2nd Avenue, Suite 103
Eugene, OR  97401
Fax:  541.246.2424

COMPLAINT

Page 6 of 6
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866